AO 245B        (Rev. 06/05) Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED 7/1/08
               Sheet 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: CR 09-41-01-MO |
| DAVID JOHN HINSHAW | USM Number: 71515-065 |
| | David M. Audet, CJA |
| | Defendant's Attorney |
| | Fredric N. Weinhouse |
| | Assistant U.S. Attorney |

**THE DEFENDANT:**

[X]   pleaded guilty to 1-count Information.

[ ]   pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ]   was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 26 USC § 5861(d) and (e) | Possession of Unregistered Machine Gun | Beginning on or about November 7, 2008 and continuing to on or about January 8, 2009 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) _____, and is discharged as to such count(s).

[ ]   Count(s) _____ is/are dismissed on the motion of the United States.

[X]   The defendant shall pay a special assessment in the amount of $100.00 for Count(s) 1 payable immediately to the Clerk of the U.S. District Court. (See also the Criminal Monetary Penalties sheet.)

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States Attorney of any material change in the defendant's economic circumstances.

October 6, 2009
Date of Imposition of Sentence

/s/ Michael W. Mosman
Signature of Judicial Officer

MICHAEL W. MOSMAN, UNITED STATES DISTRICT JUDGE
Name and Title of Judicial Officer

October 8, 2009
Date

AO 245B  (Rev. 06/05) Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED 7/1/08
Sheet 2 – Imprisonment

DEFENDANT:         HINSHAW, David John                                      Judgment–Page 2 of 6
CASE NUMBER: CR 09-41-01-MO

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: **twenty-four (24) months**.

[X] The court makes the following recommendation to the Bureau of Prisons:

The court **strongly** recommends defendant's placement, if possible, at FCI Sheridan or an institution close to Portland, Oregon to facilitate easier access to defendant for his family.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

    [ ]   at _____ [ ] a.m.  [ ] p.m. on _____

    [ ]   as notified by the United States Marshal.

[X] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [X]   before 2:00 p.m. on January 19, 2010.

    [ ]   as notified by the United States Marshal and/or Pretrial Services.

---

The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized by Title 18 USC §3585(b) and the policies of the Bureau of Prisons.

---

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY _____
DEPUTY UNITED STATES MARSHAL

AO 245B       (Rev. 06/05) Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED 7/1/08
              Sheet 3 – Supervised Release

DEFENDANT:           HINSHAW, David John                                           Judgment–Page 3 of  6
CASE NUMBER: CR 09-41-01-MO

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) year(s)**.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties section of this judgment.

The defendant shall comply with the Standard Conditions of Supervised Release that have been adopted by this court as set forth in this judgment. The defendant shall also comply with the Special Conditions of Supervision as set forth below and any additional conditions attached to this judgment.

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall cooperate in the collection of DNA as directed by the probation officer, if required by law.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED 7/1/08
           Sheet 3A – Supervised Release

DEFENDANT:           HINSHAW, David John                                              Judgment–Page 4 of 6
CASE NUMBER: CR 09-41-01-MO

# STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

The Judges of the District of Oregon adopt the following standard conditions of probation and supervised release to apply in every case in which probation and/or supervised release is imposed upon a defendant. The individual judge may impose other conditions deemed advisable in individual cases of probation or supervised release supervision, as consistent with existing or future law.

1. The defendant shall report in person to the probation office for the district to which he or she is released within 72 hours of release from the custody of the Bureau of Prisons.
2. The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. Revocation of probation or supervised release is mandatory for illegal possession of a controlled substance.
3. The defendant shall not possess a firearm, destructive, or dangerous device.
4. If the defendant illegally uses drugs or abuses alcohol, has a history of drug or alcohol abuse, or drug use or possession is determined to be an element of the defendant's criminal history or instant offense, the defendant shall participate in a substance abuse treatment program as directed by the probation officer which may include urinalysis testing to determine if the defendant has used drugs or alcohol. In addition to urinalysis testing that may be part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.
5. The defendant shall submit to a search of his/her person, residence, office or vehicle, when conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn other residents that the premises may be subject to searches pursuant to this condition.
6. The defendant shall not leave the judicial district without the permission of the court or probation officer.
7. The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
8. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. The defendant may decline to answer inquiries if a truthful response would tend to incriminate him/her. Such a refusal to answer may constitute grounds for revocation.
9. The defendant shall support his or her dependents and meet other family responsibilities to the best of his or her financial ability.
10. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
11. The defendant shall notify the probation officer **within 72 hours** of any change in residence or employment.
12. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. If, at any time, the probation officer has reasonable cause to believe the defendant is using illegal drugs or is abusing alcohol, the defendant shall submit to urinalysis testing, breathalyzer testing, or reasonable examination of the arms, neck, face, and lower legs.
13. The defendant shall not knowingly frequent places where controlled substances are illegally sold, used, distributed, or administered.
14. The defendant shall not knowingly associate with any persons engaged in criminal activity, and shall not knowingly associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
15. The defendant shall permit a probation officer to visit him or her at any reasonable time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer.
16. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer.
17. The defendant shall not enter into any agreement to act as an informant or special agent of a law enforcement agency without the permission of the court.
18. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by his or her criminal record or personal history and characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such a notification requirement. This requirement will be exercised only when the probation officer believes a reasonably foreseeable risk exists or a law mandates such notice. Unless the probation officer believes the defendant presents an immediate threat to the safety of an identifiable individual, notice shall be delayed so the probation officer can arrange for a court hearing and the defendant can obtain legal counsel.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED 7/1/08
                Sheet 5 – Criminal Monetary Penalties

DEFENDANT:              HINSHAW, David John                                                                                  Judgment–Page 5 of 6
CASE NUMBER: CR 09-41-01-MO

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth in this Judgment:

|  | **Assessment** (as noted on Sheet 1) | **Fine** | **Restitution** | **TOTAL** |
|---|---|---|---|---|
| **TOTALS** | $100.00 | $0.00 | $0.00 | $100.00 |

[ ]  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* will be entered after such determination.

[ ]  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **Total Amount of Loss*** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
|  | $ | $ |  |
| **TOTALS** | $ | $ |  |

[ ]  If applicable, restitution amount ordered pursuant to plea agreement    $_____.

[ ]  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]    the interest requirement is waived for the [ ] fine and/or [ ] restitution.

   [ ]    the interest requirement for the [ ] fine and/or [ ] restitution is modified as follows:

---

Any payment shall be divided proportionately among the payees named unless otherwise specified.

---

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED 7/1/08
          Sheet 6 – Schedule of Payments

DEFENDANT:        HINSHAW, David John                                      Judgment–Page 6 of 6
CASE NUMBER: CR 09-41-01-MO

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A.** [X]   Lump sum payment of **$100.00** due immediately, balance due

  [ ]   not later than _____, or
  [ ]   in accordance with [ ] C or [ ] D below; or

**B.** [X]   Payment to begin immediately (may be combined with C below), or

**C.** [ ]   If there is any unpaid balance at the time of defendant's release from custody, it shall be paid in monthly installments of not less than $_____ until paid in full to commence immediately upon release from imprisonment.

**D.** [ ]   Special instructions regarding the payment of criminal monetary penalties:

___

[ ] Payment of criminal monetary penalties, including restitution, shall be due during the period of imprisonment as follows: (1) 50% of wages earned if the defendant is participating in a prison industries program; (2) $25 per quarter if the defendant is not working in a prison industries program.

It is ordered that resources received from any source, including inheritance, settlement, or any other judgment, shall be applied to any restitution or fine still owed, pursuant to 18 USC § 3664(n).

All criminal monetary penalties, including restitution, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court at the address below, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

| [X] Clerk of Court | [ ] Clerk of Court | [ ] Clerk of Court |
|---|---|---|
| US District Court - Oregon | US District Court - Oregon | US District Court - Oregon |
| 1000 SW Third Avenue | 405 East 8th Avenue | 310 West Sixth Street |
| Suite 740 | Suite 2100 | Room 201 |
| Portland, OR 97204 | Eugene, OR 97401 | Medford, OR 97501 |

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] **Joint and Several**
Case Number
Defendant and Co-Defendant Names                                     Joint and Several       Corresponding Payee,
(including defendant number)            Total Amount                 Amount                  if appropriate

  [ ]   The defendant shall pay the cost of prosecution.
  [ ]   The defendant shall pay the following court cost(s):
  [ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.